mitting the exit door of the car, which was of the pay-as-you-enter kind, to remain open while the car was in motion, so as to lead plaintiff into the belief that she could safely alight, where it appeared that plaintiff gave the signal to stop, and that she immediately followed two men, one of whom had opened the exit door, and that she was warned by the conductor not to get off, and that he could not close the door after the men who had passed out because plaintiff was in the way, evidence *held* insufficient to establish negligence in operation of the car.

2. CARRIERS, § 476*—*when evidence sufficient to establish that passenger leaving street car while it was in motion was guilty of contributory negligence.* In an action by a street car passenger to recover damages for personal injuries sustained as the result of stepping from the exit door of a pay-as-you-enter car while it was in motion, where it appeared that plaintiff gave the signal to stop and immediately followed two men, one of whom opened the exit door, and either did not hear or disregarded the warning of the conductor not to get off, and the latter was unable to close the door because plaintiff was in the way, evidence *held* sufficient to establish that plaintiff was guilty of contributory negligence.

## James M. Swan, Defendant in Error, v. William K. Loofbourrow, Plaintiff in Error.

### Gen. No. 6,147. (Not to be reported in full.)

Error to the Circuit Court of Kendall county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916. Rehearing denied April 6, 1916.

### Statement of the Case.

Action by James M. Swan, plaintiff, against William K. Loofbourrow, defendant, to recover upon two notes. After judgment by default for plaintiff and denial of a motion by defendant to set aside the default, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Benjamin F. Herrington, for plaintiff in error.

C. A. Darnell, for defendant in error.

Mr. Presiding Justice Dibell delivered the opinion of the court.

## Abstract of the Decision.

1. Judgment, § 145*—*when affidavit in support of motion to set aside default insufficient to show defense.* An affidavit of meritorious defense in support of a motion to set aside a default in an action on two promissory notes which related to "this note," without indicating which note was meant, and alleged that the note was given in compliance with a contract for the exchange of lands, but did not give the terms of the contract nor state with whom it was made, but stated that plaintiff did not comply with his part of the contract and that, because of his failure to do so, plaintiff had not received any consideration "for the above mentioned note," and denied that he was indebted to plaintiff in any amount, but did not disclose what plaintiff was required to do by the contract nor that he in any respect failed to comply therewith, *held* to state a mere conclusion and to be insufficient to show a defense to either note.

2. Judgment, § 145*—*when affidavit in support of motion to set aside default insufficiently discloses right of set-off.* An affidavit of meritorious defense in support of a motion to set aside a default in an action on two promissory notes, which stated that plaintiff was indebted to affiant in a certain sum but which did not disclose how the indebtedness arose nor what the facts were, *held* to state a legal conclusion and to be insufficient to show the right of set-off.

3. Judgment, § 153*—*when default not vacated to let in plea of set-off.* As a general rule a default will not be vacated on affidavits merely to let in a plea of set-off, as the defendant has a perfect remedy by bringing suit against the plaintiff on the set-off.

4. Appeal and error, § 413*—*when question as to insufficiency of sheriff's return upon summons not considered on appeal.* A defendant who enters his appearance to make a motion to set aside a judgment by default cannot raise for the first time on appeal the question as to a defect in the return of the sheriff upon the summons.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.